**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RANDY WAYNE RILEY,** )<br>)<br>    **Petitioner,** )<br>)<br>**vs.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>    **Respondent.** ) | **Case No. 08-cv-0769-MJR** |

**ORDER AND MEMORANDUM**

**REAGAN, District Judge:**

## I.   Introduction and Background

Now before this Court is Randy Wayne Riley's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Analysis of the petition begins with an overview of the procedural history of the underlying criminal case (Case No. 06-cr-30103-MJR).

On May 3, 2006, a grand jury charged Riley by Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and with possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. On June 20, 2007, Riley entered an open guilty plea to both charges against him. On November 2, 2007, this Court sentenced Riley to, *inter alia,* 188 months in prison (94 months on each count, to be served consecutively). Judgment was entered. Riley did not appeal his judgment or sentence.

On November 3, 2008, Riley moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His petition presented three claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. The Government timely responded to Riley's petition on November 20, 2008. Riley moved to amend his petition on April 23, 2009, in order to add a fourth

1

ineffective assistance of counsel claim.  The Court granted Riley's motion and - because of the difficulties cited by Riley in drafting his petition - construed the additional claim as part of his original § 2255 petition rather than requiring him to file an amended petition.  The Government responded to the supplemental claim on June 15, 2009.  Riley failed to avail himself of the opportunity to file a reply brief.

The Court set an evidentiary hearing for September 9, 2009, on the sole issue of whether Riley told his counsel, Federal Public Defender Philip Kavanaugh ("Kavanaugh"), to file a notice of appeal.  ***Taylor v. United States*, 287 F.3d 658, 660 (7th Cir. 2002)(where the Court is confronted with an evidentiary conflict, a judge must hold an evidentiary hearing)**.  An evidentiary hearing on the other issues raised is not warranted.  These issues can be resolved on the existing record, which conclusively demonstrates that Riley is entitled to no relief.  *See* **Rule 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS;** *Almonacid v. United States,* **476 F.3d 518, 521 (7th Cir. 2007);** *Gallo-Vasquez v. United States***, 402 F.3d 793, 797 (7th Cir. 2005);** *Galbraith v. United States***, 313 F.3d 1001, 1010 (7th Cir. 2002)**.

For the reasons stated below, the Court now dismisses Riley's § 2255 petition.

**II.      Analysis**

28 U.S.C. § 2255 authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law."

Relief under § 2255 is limited.  Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the

sentencing court's jurisdiction or are otherwise of constitutional magnitude. *See, e.g., Corcoran v. Sullivan*, 112 F.3d 836, 837 (7th Cir. 1997)(§ 2255 relief is available only to correct **"fundamental errors in the criminal process")**. As the Seventh Circuit has declared, § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004), *citing Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). *Accord Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)("... relief under 28 U.S.C. § 2255 is reserved for extraordinary situations"). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues already raised on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir.), *cert. denied*, 540 U.S. 926 (2003). *Accord Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir. 1989)(§ 2255 petition "will not be allowed to do service for an appeal.").

In the case at bar, Riley presents four claims for § 2255 relief: (1) trial counsel failed to file a motion to dismiss Count 2 of his indictment on Double Jeopardy grounds; (2) trial counsel lied to him by telling him if he pled guilty he would receive a 5-year sentence; (3) trial counsel failed to object to his sentence on Double Jeopardy grounds; and (4) trial counsel failed to file a notice of appeal. An additional claim raised by Riley - that the Government committed prosecutorial misconduct by charging him in both counts of his indictment with the same crime ("double jeopardy") just to manipulate his sentence - overlaps substantially with his third claim of ineffective assistance, so the Court will consider those together – construing Riley's petition to present *four* grounds for § 2255 relief.

      A.      <u>**Ineffective Assistance of Counsel, Grounds 1 - 3**</u>

The Court now turns to the merits of Riley's ineffective assistance claims, bearing in mind the test first announced in ***Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)**.

As the Seventh Circuit has stated: "The familiar standard of ***Strickland*** requires a showing that: (1) [Petitioner's] counsel was objectively deficient; and (2) this deficient performance so prejudiced his defense that [Petitioner] was deprived of a fair trial." ***Shell v. United States*, 448 F.3d 951, 954 (7th Cir. 2006),** *citing Fountain v. United States*, **211 F.3d 429, 434 (7th Cir. 2000), and *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)**. None of Riley's § 2255 claims satisfies this dual-pronged standard.

As to the first prong, to be constitutionally deficient, counsel's performance must fall below an objective standard of reasonableness under prevailing professional norms. ***Shell*, 448 F.3d at 954,** *citing Granada v. United States*, **51 F.3d 82, 83 (7th Cir. 1995).** The Supreme Court has instructed: "a court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." ***Shell*, 448 F.3d at 954,** *quoting Strickland*, **466 U.S. at 689.**

Since counsel is *presumed* to be effective, a § 2255 petitioner "bears a heavy burden in making a winning claim based on ineffective assistance of counsel." ***Shell*, 448 F.3d at 955**, *citing Fountain*, **211 F.3d at 434, and** *United States v. Trevino*, **60 F.3d 333, 338 (7th Cir. 1995).** *Accord United States v. Banks,* **405 F.3d 559, 568 (7th Cir. 2005)("There is a strong presumption for finding counsel effective....").** Moreover, as a general rule, failing to pursue a particular issue is not deficient performance. ***Shell*, 448 F.3d at 955**.

First, Riley contends that trial counsel failed to invoke the Double Jeopardy clause prior to his guilty plea and sentencing (Grounds 1 and 3). These claims fail because Riley can show neither deficient performance nor prejudice.

Government counsel correctly points out that a conviction for both possession of an unlawful firearm under 26 U.S.C. § 5861 and possession of a firearm by a convicted felon under 18 U.S.C. § 922, does not violate the prohibition against Double Jeopardy even if both charges involve the same firearm. Faced with an almost identical issue, the Seventh Circuit declared that a Double Jeopardy claim in a § 2255 petition was "meritless" where the petitioner was charged in separate counts with possession of an unregistered machine gun and possession of a firearm by a convicted felon. ***Williams v. United States*, 805 F.2d 1301, 1309 (7th Cir. 1986)*, citing United States v. Ching*, 682 F.2d 799 (9th Cir. 1982)**.

Riley's claim that his counsel lied to him by telling him that he would receive only a five-year sentence if he pled guilty (Ground 2) lacks credibility. The evidence is that he pled guilty with the full expectation that he would receive the 188-month sentence that the Court imposed. At the June 20, 2007, plea hearing, the undersigned Judge explained the possible penalties to which Riley was subject:

> MR. RILEY: I understand what is going on on this part. I know it is what my attorney had told me. I was hoping ten years. You know, I'm not going to be a spring chicken anymore.
>
> THE COURT: You understand the recommendation to me will be 188 months. You want to proceed now rather than speak to your attorney anymore?
>
> MR. RILEY: No, I am ready to go.  Doc. 39, Transcript of Disposition 4:18-25 ("COP").
>
> \*\*\*
>
> THE COURT: In this case I know from the proposed plea agreement that the Government believes that after all things are considered, you will have a total offense level of 31, criminal history category of six, which would give you a sentencing range of 188 to 235 months under the guidelines, which are advisory, and a potential fine of $15,000 to $150,000. You understand that is the Government's estimate based upon the advisory guidelines, but I do not have to follow them?

>    MR. RILEY: Yes, sir, that is just an estimate.
>
>    THE COURT: Right. I have discretion. I have to consider the guidelines. I do consider them strongly, but I do not have to follow them. Since I was not a part of this calculation, I don't know where you are going to fall in the guidelines and I don't know if I am going to follow them.
>
>    MR. RILEY: That is fair. I understand that.
>
>    THE COURT: You have to understand the worst thing to happen to you is 20 years incarceration.
>
>    MR. RILEY: Yes, sir.
>
>    THE COURT: That is the worst case scenario. COP, 8:23-9:17.

Beyond question, Riley understood that the recommendation was 188 months. Subsequently, he even thanked Assistant United States Attorney George Norwood for standing behind the agreement that Riley believed had been arrived at between Norwood and Smith. COP, 15:12-18.

Riley also cannot, without a compelling reason, claim - in contradiction to his statements in open court - that he was dissatisfied with the advice of his counsel or that he believed there was an agreement between himself and the Government. The Court thoroughly explored these issues at the change of plea hearing. There, Riley stated that his counsel had "done a good job," both in responding to all of his questions regarding the Indictment and his possible defenses, and in being willing and able to do anything needed regarding his defense. COP, 5:4-6; 6:1-3. Riley denied that anyone had used any threats, coercion, assurances or guarantees to get him to plead guilty. COP, 6:4-7. He also denied that there was any agreement between himself and the Government with respect to his plea. COP, 6:11-17.

The Court "need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand

unless the defendant has a compelling explanation for the contradiction." ***United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005);** *see also* ***United States v. Stewart*, 198 F.3d 984, 986 (7th Cir. 1999) (Defendant who swore under oath at plea hearing that no assurances had been given regarding his sentence cannot create a factual issue by contradicting under oath his prior sworn statement)**. "Once entered, a plea of guilty may be withdrawn only for a 'fair and just reason.'" ***Stewart*, 198 F.3d at 986-87,** *citing* **Fed.R.Crim.P. 32(e)**. "A defendant's protestation that statements freely made under oath when entering the plea were a pack of lies is not a 'fair and just reason' to start anew." *Id.*

Riley offers no compelling explanation for the contradiction between what he stated in open court and what he alleges in his § 2255 motion. Finding no fair and just reason for allowing Riley to obtain relief under these standards, the Court rejects his claims of ineffective assistance of counsel as to Grounds 1, 2 and 3.

### B. Prosecutorial misconduct

Riley claims that the Government committed prosecutorial misconduct by charging him in both counts of his indictment with the same crime just to manipulate his sentence. As explained above in analyzing Riley's third ineffective assistance claim, the Government is not prohibited from charging a defendant with being a felon in possession of a firearm and with possession of a sawed-off shotgun. *See Williams*, **805 F.2d at 1309 (7th Cir. 1986)**. His claim of prosecutorial misconduct in charging these offenses is without merit.

### C. Ineffective assistance of counsel, Ground 4

Riley's final claim is that his trial counsel was ineffective when he failed to file a notice of appeal on his behalf. To succeed on this claim, Riley must satisfy the *Strickland* standard

set forth above, showing both deficient performance and prejudice. ***Strickland*, 466 U.S. at 694**. Prejudice is presumed where an attorney "disregards his client's specific instruction to file a notice of appeal" and that error leads to "'the forfeiture of a proceeding itself....'" ***Bednarski v.United States,* 481 F.3d 530, 535 (7th Cir. 2007)*, quoting Roe v. Flores-Ortega,* 528 U.S. 470, 483-84(2000) (internal citation omitted)**. "Accordingly, '[w]hen counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit.'" ***Id.*, *citing Flores-Ortega* at 477, *quoting Peguero v. United States,* 526 U.S. 23, 28 (1999) (internal brackets omitted)**.

The Court is confronted with conflicting affidavits, letters and testimony. The Government provides the affidavit of Riley's trial counsel, Philip Kavanaugh, who asserts that he met with Riley at the United States Marshal's lockup in the courthouse after the sentencing hearing. Doc. 16, Att. 1, Kavanaugh Affidavit. According to Kavanaugh, Riley "expressed some desire to appeal what had just occurred." *Id.* In a letter dated on the same day, Kavanaugh summarized his counsel to Riley. *Id.*; Doc. 16, Att. 2, Kavanaugh Letter. Kavanaugh explained that, in his "reasoned and professional judgment," Riley should not appeal his case because (1) he believed that, if Riley won on appeal, he would be convicted at trial; (2) Riley would lose acceptance of responsibility; and (3) he would more than likely receive a sentence greater than 188 months. *See* Letter. According to Kavanaugh, after sending this letter to Riley, he received no communication from Riley and had no knowledge that Riley wanted to appeal "a favorable outcome." Kavanaugh Aff.

In Riley's affidavit, he asserts that, within 10 days after his sentencing, he wrote to Kavanaugh and requested that he timely file a notice of appeal. Doc. 13, Att. 1, Riley Affidavit. Riley submits a copy of the November 5, 2007 letter written to Kavanaugh, in which he says that he

has changed his mind and would like Kavanaugh to file an appeal for him so he could get a lower sentence. Doc. 13, Att. 1, Riley Letter. He indicates that Assistant Federal Public Defender Andrea Smith ("Smith") had told him "something different." *See* Letter.

Riley testified that he was dissatisfied with his PSI and did not believe the points should be as high as they were. He stated that other inmates told him to send a letter asking Kavanaugh to file an appeal. Riley testified that he sent the letter but later learned that it had not been received. He stated that he wrote no other letters but tried unsuccessfully to reach Kavanaugh by phone. Riley asserted that he believed he would receive only a 10-year sentence based on information provided by Smith and Kavanaugh.[1] Riley's account of his post-sentencing conversation with Kavanaugh corroborates Kavanaugh's recollection that he recommended Riley not appeal and that, as of the time that Kavanaugh left the holdover, no appeal was to be filed.

Kavanaugh testified that he met with Riley 10 days before the sentencing, filed objections to the PSR on his behalf and also met with him prior to sentencing in the holdover. Kavanaugh related that Riley agreed to take 188 months and withdraw his objections in return for the Government's recommendations. The objections were withdrawn on the record, and the Court followed the recommendation, giving Riley a break by bifurcating his sentence. According to Kavanaugh, when he met with Riley after sentencing in the holdover, Riley talked about an appeal and said that he was promised less time. Kavanaugh testified that he told Riley an appeal was not a good idea because he could get 20 years, given his history, the offense and his conduct. He stated

---

[1] The discrepancy between Riley's petition - claiming he was told he would receiver a 5-year sentence - and his testimony - claiming he was told he would receive a 10-year sentence - is apparently due to his confusion over two counts, each of which he believed carried a possible 5-year sentence.

that because Riley did not understand well, he sent him a letter incorporating the conversation. He testified that he did not hear from Riley again and that the letter he mailed to Riley was not returned as undeliverable.

As to the Public Defender's Office mail procedures, Kavanaugh testified that incoming mail is stamped "received," dated, opened, letter and envelope paperclipped together and placed in the attorney's box. Outgoing letters are dictated, read, signed, stamped and placed in a cubbyhole designated for outgoing mail; a secretary is responsible for delivering mail to a postal box or mail carrier. For phone calls, secretaries answer the phones, keep track of where everyone is and refer calls to the appropriate person if available. If the person is not available, the caller is asked to call back.

Kavanaugh testified that he would have talked with Riley if he had been there when Riley called. He also testified that, if he had received Riley's letter he would have tried to talk him out of appealing because he saw no benefit, but that if Riley had insisted, he would have filed a notice of appeal.

Riley asked Kavanaugh if he had not said that he would try to get his sentence reduced to 10 years. Kavanaugh agreed that they had hoped to get the lowest possible sentence - 120 months - but that their strategy changed when the PSR showed the extent of Riley's criminal history. At that time, according to Kavanaugh, he and Riley discussed 188 months, and Riley said "fine."

Upon review, the Court concludes that Riley is not entitled to the benefit of the prison mailbox rule. Under the "prison mailbox rule," a prisoner's correspondence is deemed filed at the time that the correspondence is delivered into the prison mail system. ***McMahan v. United States*, 2009 WL 509869, \*2 (N.D.Ill. 2009),** *citing  Houston v. Lack,* **487 U.S. 266, 275-76 (1988);** ***Jones***

***v. Bertrand,* 171 F.3d 499, 501-02 (7th Cir.1999)**.  To obtain the benefit of the prison mailbox rule, a prisoner must either demonstrate compliance with the prison's legal mail system or submit a declaration compliant with 28 U.S.C. § 1746 or a notarized statement setting forth the motion's date of deposit with prison officials and attesting that first-class postage was prepaid.[2]  ***United States v. Craig,* 368 F.3d 738, 740 (7th Cir. 2004)**.  ***See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts;** *cf. Craig,* **368 F.3d at 740-41 (applying the "prison mailbox rule" in the appellate context)**.

Riley's letter is bare of any such certification, and he has provided no competent evidence that the letter was mailed.  On the other hand, Kavanaugh testified as to the standard procedure by which both incoming and outgoing mail is handled in the Public Defender's Office.  The Office's use of standard procedures gives rise to a strong inference, unrebutted by Riley (who testified only that he did not remember receiving Kavanaugh's letter), that Riley received Kavanaugh's letter, but Kavanaugh did not receive Riley's letter.  ***See Habitat Educ. Center v. U.S. Forest Service,* WL 1351156, \*6-7 (E.D.Wis. 2009),** *citing Godfrey v. United States***, 997 F.2d 335, 338-39 (7th Cir.1993) (explanation of mailing procedures followed in the regular course of operations gives rise to strong inference that item was properly addressed and mailed, as well as to the analogous context of the presumption relating to receipt of mail)**.

Stated simply, Riley failed to document his use of the institutional mail system or to attach to the letter a notarized statement or a declaration under penalty of perjury of the date on which

---

[2]28 U.S.C. § 1746 provides that a person's certification, in writing, "is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: ... I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

the documents were given to prison authorities and attesting that postage was prepaid. Consequently, he has not met his burden to establish his entitlement to the benefit of the mailbox rule. He has provided no competent evidence to show that his letter was properly addressed, stamped and mailed to Kavanaugh.

The Court thoroughly addressed the question of appeal with Riley. Having ascertained that Riley had no questions about his sentence, the Court held the following colloquy:

> THE COURT: Okay. You have the right to appeal the sentence I just gave you or your guilty plea if you think either or both are somehow illegal or inappropriate under the law. Any appeal must be filed within ten days of us entering judgment in your case or your rights are gone.
>
> MR. RILEY: Yes, sir.
>
> THE COURT: If you would like, we'll file a notice of appeal for you today. If you can not afford the filing fee for the Court of Appeals, which is $450 plus $5 docketing fee, I'll consider a properly filed motion in forma pauperis on your behalf to permit you to make payments toward that. If you can't afford an attorney to handle your appeal, I'll continue Mr. Kavanaugh's services to you at no charge, and if you cannot afford the transcript of the proceedings in your case for your appeal, I'll have that prepared at no charge. Do you understand your rights of appeal?
>
> MR. RILEY: Yes, sir, I do.
>
> THE COURT: When we enter judgment, would you like us to file a notice of appeal for you? Take a moment and speak to Mr. Kavanaugh confidentially on that.
>
> MR. RILEY: No, sir, we just want to go ahead I guess.
>
> MR. KAVANAUGH: We'll talk. If you decide you want to, we will. You got ten days.
>
> MR. KAVANAUGH: You got ten business days from today. As a matter of fact, today doesn't count.
>
> THE COURT: He'll take care of it for you. I will not file a notice of appeal for you. If you want one filed, talk to Mr. Kavanaugh.
>
> MR. RILEY: I don't want one yet. Let him do it. I think that is right.

THE COURT: If you want him to.  Tr. 14:17-15:23.

The Court clearly explained Riley's appeal rights to him and offered to file an appeal for him, but, on the record, Riley stated that he did not want to file an appeal.  Also, in his last personal meeting with Kavanaugh, he did not want to file an appeal - as Kavanaugh later confirmed in his letter.

In sum, Riley has not met his burden of showing that he told Kavanaugh to file an appeal.  He is not entitled to the benefit of the mailbox rule, having provided no competent proof that his November 5, 2007 letter was mailed and received.  He did not follow up with Kavanaugh or the Court within 10 days even though he was well aware of the 10-day deadline for filing an appeal - and that in his last meeting with the Court and his counsel, the determination was that no appeal was to be filed.

### III.     Conclusion

The Court should grant a § 2255 petition only when a defendant's sentence "was imposed in violation of the Constitution or laws of the United States."  *Shell*, **448 F.3d at 954**, *quoting* **28 U.S.C. § 2255.**  Riley has identified, and the record reveals, nothing warranting § 2255 relief.  Accordingly, the Court **DENIES** Riley's § 2255 petition (Doc. 1, as supplemented in Doc. 13) and **DISMISSES** this case.

**IT IS SO ORDERED.**

**DATED this 27th day of October, 2009.**

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge